UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DALE MARTIN INVESTMENTS, LLC AND DALE MARTIN OFFSHORE, LLC | CIVIL ACTION NO. 6:15-cv-02599 |
| VERSUS | JUDGE HAIK |
| PINNACLE MANUFACTURING, LLC | MAGISTRATE JUDGE HANNA |

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

The defendant, Pinnacle Manufacturing, LLC, removed this action from the 15th Judicial District Court, Lafayette Parish, Louisiana, alleging that the court has subject-matter jurisdiction over this action. Pinnacle alleged that the court has jurisdiction under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the matter in controversy exceeds $75,000.00. Pinnacle alternatively alleged that the court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, *et seq*. The undersigned reviewed the pleadings and concluded that the plaintiffs' demand for recovery of $585,000 satisfies the amount-in-controversy requirement, but this Court cannot determine whether the parties are diverse in citizenship or whether jurisdiction exists under the OCSLA.

The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[1] In this case, the removing defendant must bear that burden.

When jurisdiction is based on diversity, the citizenship of the parties must be distinctly and affirmatively alleged.[2] The plaintiffs' petition alleges that the plaintiffs are limited liability companies formed under the laws of Louisiana. The petition further alleges that the defendant is a limited liability company formed under the laws of Alabama. The citizenship of a limited liability company requires a review of the citizenship of the company's members. A limited liability company is a citizen of every state in which any member of the company is a citizen,[3] and "the citizenship of a LLC is determined by the citizenship of *all* of its members."[4] Therefore, the diversity analysis for a limited liability company requires a determination of the citizenship of every member of the company.[5] If any one of the members is not

---

[1] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998); *Tennessee Gas Pipeline v. Houston Cas. Ins. Co*., 87 F.3d 150 (5th Cir. 1996).

[2] *Mullins v. Testamerica Inc*., 300 Fed. App'x 259, 259 (5th Cir. 2008).

[3] *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).

[4] *Harvey v. Grey Wolf*, 542 F.3d at 1080. [Emphasis added.]

[5] See, *Harvey v. Grey Wolf*, 542 F.3d at 1080; *Grupo Dataflux v. Atlans Global Group, L.P.*, 541 U.S. 567, 585, n. 1 (2004) (noting that courts of appeal have held that the citizenship of each member of a limited liability company counts for diversity purposes); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990) (holding that the citizenship of an unincorporated entity or

diverse, the company is not diverse. In this case, the members of the three companies were not identified and the citizenship of the members was not alleged. Therefore, this Court cannot determine whether the parties are diverse in citizenship.

The removing defendant alternatively alleged that the court has jurisdiction under OCSLA. The petition seeks damages in redhibition, alleging that certain tanks sold by the defendant rusted prematurely. There is no allegation in the petition suggesting that the tanks were used in any way in connection with operations on the OCS. In its removal notice, the defendant suggests that, to establish jurisdiction under the OCSLA, it need only demonstrate that the activities that caused the injury constituted an operation conducted on the outer Continental Shelf. Pinnacle further alleged that, on information and belief, the tanks were used to store fluids and chemicals that emanated from operations on the outer Continental Shelf. (Rec. Doc. 1 at 4). This single allegation is too vague and the purchase of the tanks is too attenuated from OCS operations to persuade this Court that OCS jurisdiction exists.

Accordingly,

---

association is based upon the citizenship of all of its members). See also *Wright v. JPMorgan Chase Bank, NA*, No. 09-cv-0482, 2009 WL 854644, at *1 (W.D. La. Mar. 26, 2009) ("If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.")

IT IS ORDERED that, not later than twenty-one days after the date of this order, the defendant shall file a memorandum (1) setting forth specific facts that support a finding that the parties are diverse in citizenship, and/or (2) setting forth specific facts that support a finding that the OCSLA provides subject-matter jurisdiction for this action. These facts should be supported with summary-judgment-type evidence. The plaintiffs will be allowed seven days to respond to the defendant's submission.

Signed at Lafayette, Louisiana, this 11th day of January 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE